358

No. 6416.—Invoices dated Longton, England, October 31, 1941, etc.
    Entered at Philadelphia, Pa., March 26, 1942, etc.
    Entry No. 2555, etc.

(Decided October 4, 1946)

*Tompkins & Tompkins* (*J. Stuart Tompkins* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General, for the defendant.

OLIVER, Presiding Judge:    The appeals for reappraisement listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:
(Stipulation omitted.)

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the earthenware and chinaware here involved, and that such values are the appraised values, less the additions made by the importer on entry because of advances by the appraiser in similar cases.   Insofar as the appeals relate to all other merchandise they are hereby dismissed.

Judgment will be rendered accordingly.

F. R. TRIPLER & CO., INC., ET AL. v. UNITED STATES

No. 6417.—Invoices dated London, England, July 16, 1941, etc.
    Certified July 19, 1941, etc.
    Entered at New York, N. Y., August 21, 1941, etc.
    Entry No. 3811, etc.

(Decided October 4, 1946)

*Jordan & Klingaman* for the plaintiffs.
*Paul P. Rao*, Assistant Attorney General, for the defendant.

TILSON, Judge:    The appeals listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon a stipulation to the effect that the issues involved in said appeals are the same in all material respects as the issues decided in *United States* v. *Pitcairn*, C. A. D. 334, and the record therein has been admitted in evidence in this case.

Accepting this stipulation as a statement of fact and following the cited authority, I find and hold the proper dutiable export values of the merchandise covered by said appeals to be the values found by the appraiser, less any amounts added by the importers on entry to meet advances made by the appraiser in similar cases then pending on appeal.

Judgment will be rendered accordingly.